IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH FORMAN, | ) |
| Plaintiff | ) |
| v. | ) Case No.: |
| NCO FINANCIAL SYSTEMS, INC., | ) COMPLAINT AND DEMAND FOR JURY TRIAL |
| Defendant | ) |
| | ) (Unlawful Debt Collection Practices) |

## COMPLAINT

JOSEPH FORMAN ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and has an office in the Commonwealth of Pennsylvania; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Los Angeles, California, 91361.

7. Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C §1692K(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec 22, 2000).

8. Defendant is a national debt collection company with corporate headquarters located at 507 Prudential Road in Horsham, Pennsylvania, 19044.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15. Defendant and others it retained began in July of 2010 constantly and continuously placing harassing and abusive collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt of another person.

16. Upon information and belief, the alleged debt Defendant was seeking to collect arose out of transactions which were primarily for personal, family, or household purposes.

17. Beginning on or around July 6, 2010, and continuing through July 20, 2010, Defendant placed continuous and repetitive calls to Plaintiff's home and office telephone numbers from the following number: (866) 319-8981, which the undersigned confirmed is a phone number belonging to Defendant.

18. In addition to calling Plaintiff, Defendant would leave voicemail messages asking Plaintiff to "Please return the call to Randall Gunn at 866-319-8981" and leaving a reference code of "143D96." See Exhibit A, voicemail message.

19. After receiving repeated collection calls from Defendant, on July 12, 2010, Plaintiff contacted Defendant to inform them that he was not the party that they were attempting to contact and instructed Defendant to cease calling him.

20. Plaintiff asked to have his phone number removed from Defendant's system, explaining that Defendant's telephone calls were coming to his home and office telephone numbers.

21. Plaintiff spoke with Defendant's representative for approximately nineteen (19) minutes in order to make certain that the harassing telephone calls would stop.

22. At first, Defendant's representative requested that Plaintiff provide the phone

number at which he was receiving the telephone calls.

23. Plaintiff explained to Defendant's agent that he [Plaintiff] worked out of his home and thus has several office telephone numbers that feed into one line. Plaintiff was unable to provide the exact number that Defendant had been calling.

24. Defendant's representative claimed that unless Plaintiff revealed every single telephone number associated with Plaintiff's home office that the repeated telephone calls from Defendant could not be stopped.

25. Plaintiff provided Defendant with the reference code 143D96 that had been provided on Defendant's voicemail messages to him and asked Defendant to identify what telephone numbers Defendant had associated with that reference code.

26. Defendant would not provide this information to Plaintiff.

27. Plaintiff again requested that Defendant's representative provide him with the phone numbers associated with the collection file for reference code 143D96, which Defendant refused.

28. Plaintiff requested to speak with a supervisor and Defendant's representative refused to transfer the call.

29. Instead, Plaintiff was able to speak with another representative for Defendant, who deceptively claimed to Plaintiff that his phone number had been removed from Defendant's system and that the calls would stop within twenty-four (24) hours.

30. However, despite Plaintiff's instructions to cease contacting him and its assurance to Plaintiff that his phone number had been removed from its system, Defendant continued to contact Plaintiff in its attempts to collect a debt of another person.

31. Defendant contacted Plaintiff on July 13, 2010; July 14, 2010; July 15, 2010;

PLAINTIFF'S COMPLAINT

twice on July 16, 2010; July 17, 2010; July 19, 2010; and July 20, 2010.

32. On July 15, 2010, Plaintiff again contacted Defendant to get the telephone calls to stop; however, Defendant continued contacting Plaintiff.

33. Plaintiff works from his home office and found it extremely harassing to have his telephones tied up by Defendant's constant calls.

34. The repetitive calls to Plaintiff were disturbing, harassing, and an invasion of privacy.

35. Defendant failed to investigate or verify contact information prior to and after calling Plaintiff.

36. Defendant failed to update its records to avoid further harassment of Plaintiff.

## CONSTRUCTION OF APPLICABLE LAW

37. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

38. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be

6

construed liberally in favor of the consumer." <u>Johnson v. Riddle</u>, 305 F. 3d 1107 (10th Cir. 2002).

39. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See <u>Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168 (11th Cir. 1985); <u>Graziano v. Harrison</u>, 950 F. 2d 107 (3rd Cir. 1991); <u>Swanson v. Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." <u>Id.</u> The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. <u>Clomon</u>, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

40. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Defendant violated of the FDCPA generally;

    b. Defendant violated §1692b(2) of the FDCPA by informing Plaintiff that another person owed a debt;

    c. Defendant violated §1692b(3) of the FDCPA by calling Plaintiff more than once in connection for the collection of a debt for another individual;

d. Defendant violated §1692c(b) of the FDCPA by communicating with Plaintiff about a debt allegedly owed by another individual;

e. Defendant violated §1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

f. Defendant violated §1692d(5) of the FDCPA, when it caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff;

g. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

h. Defendant violated §1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt; and

i. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, JOSEPH FORMAN, respectfully prays for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JOSEPH FORMAN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: May 24, 2011

KIMMEL & SILVERMAN, P.C.

By: CTK 31054

Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

EXHIBIT "A" TO COMPLAINT IS AN AUDIO FILE,
CONTAINING A VOICE MESSAGE.

A SEPERATE CD CONTAINTING EXHIBIT "A"
WAS PROVIDED TO THE CLERK OF COURTS
ON MAY 24, 2011.